| AMERICAN COLOR, a division of | ) | |
|---|---|---|
| SULLIVAN GRAPHICS, INC., | ) | |
| | ) | **Robertson Chancery** |
| Plaintiff/Appellee, | ) | No. 12258 |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| INNOVO, INC., | ) | **01A01-9703-CH-00120** |
| | ) | |
| Defendant/Appellant. | ) | |

### IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE

### APPEAL FROM CHANCERY COURT OF ROBERTSON COUNTY
### AT SPRINGFIELD, TENNESSEE

### HONORABLE ALEX W. DARNELL, JUDGE

**FILED**

**November 14, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

Patrick Johnson
Cavalier Building, Suite 508
95 White Bridge Road
Nashville, TN 37205
ATTORNEY FOR PLAINTIFF/APPELLEE

Lisa M. Sherrill
509 West Court Square
Springfield, TN 37172
ATTORNEY FOR DEFENDANT/APPELLANT

### MODIFIED, AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE

CONCUR IN RESULTS:
WILLIAM C. KOCH, JR., JUDGE

| AMERICAN COLOR, a division of | ) | |
| SULLIVAN GRAPHICS, INC., | ) | |
| | ) | **Robertson Chancery** |
| Plaintiff/Appellee, | ) | No. 12258 |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| INNOVO, INC., | ) | 01A01-9703-CH-00120 |
| | ) | |
| Defendant/Appellant. | ) | |

# O P I N I O N

The defendant, Innovo, Inc., has appealed from a non jury judgment, in the amount of $58,856.26, in favor of the plaintiff, American Color, a division of Sullivan Graphics, Inc., for merchandise sold and services rendered to the defendant.

The complaint states that the suit is brought upon a sworn account as authorized by T.C.A. § 24-5-107, but no sworn itemized statement of account is exhibited to the complaint. Instead, the complaint, which is verified by the oath of its general manager, narrates a series of charges represented by invoices attached to the complaint on which the complaint alleges a balance of $58,856.26 is due.

In thirteen numbered paragraphs, the complaint alleges amounts due from defendant upon thirteen invoices which are exhibited to the complaint.

The answer of defendant which is verified by the oath of its president, admits that it owes some of the invoices, denies knowledge of two and, as to the remaining invoices, makes the following defense:

> The products were supplied to Nasco Group, Inc., the parent of Innova. Nasco has since changed its name to Spirco, Inc., and has filed for protection under the bankruptcy code.

This Court has tabulated the assertions of the complaint and answer as follows:

-2-

| Date | Amount | Defendants Answer |
|---|---|---|
| 12/24/92 | $ 116.37 | Admit |
| 12/29/92 | 1,339.05 | Nasco received product |
| 01/22/93 | 15,678.93 | Nasco received product |
| 01/22/93 | 841.10 | Admit |
| 01/29/93 | 1,603.18 | Admit |
| 01/29/93 | 624.60 | Nasco received product |
| 01/29/93 | 13,013.82 | Nasco received product |
| 01/29/93 | 815.12 | Nasco received product |
| 01/29/93 | 10,825.00 | Nasco received product |
| 01/31/93 | 11,120.82 | Nasco received product |
| 02/12/93 | 950.44 | Nasco received product |
| 02/15/93 | 1,190.75 | Nasco received product |
| | $58,118.88 | |

It appears that defendant's sworn answer admitted owing plaintiff $2,560.65, denied knowledge of $11,640.12 and, as to the remainder of the charges, stated that the product was supplied to the "parent" of defendant which is in bankruptcy.

The Trial Judge filed the following memorandum:

> This is an action on an account that is severely contested on most of the general elements for which a debt may be challenged.
>
> (1)　There is a challenge to the amount due and whether the pleadings bar the Plaintiff from a judgment larger than a prayer of some $46,000.00.
>
> (2)　There is some form of accord and satisfaction alleged. This comes about when the defense alleges that a promissory note was substituted as satisfaction for a debt allegedly made. The substitution being a future guaranty of payment.
>
> (3)　The Defendant alleges that the obligation, if any, is not that of Innovo but of a subsidiary of Innovo, Nasco.
>
> The Plaintiff agrees that the work done was for Nasco, a subsidiary company of Innovo. The Plaintiff disagrees as to who is the obligor, claiming that Innovo was the guarantor of the debt and that all of the proceedings, billings, charges and payments were made in light of that type of arrangement. The Plaintiff sought an amendment to the prayer for damages and asked that the amendment be allowed and that the judgment conform to the proof and there be no limit of $46,000.00 by virtue of the prayer in the complaint.
>
> American Color prepared the advertising agenda and the products for the defendant. Kathrine Bahr, who was the

credit manager of the Plaintiff company, testified that the company, set up a ledger card on all its accounts and that the one ledger card maintained for the charges was in the name of Innovo. This ledger card then was supplemented by the charges and payments on the account. Ms. Bahr said there was not a separate account for Nasco in any of its capacities, whether Nasco Sportswear or Nasco Express. Ms. Bahr serves as the credit manager of the Plaintiff and she was personally responsible for and oversaw the accounts of the company and specifically the one involving Innovo.

Before 1992 the bill of the Plaintiff actually went to Zamora and Associates and they would then pay the company. Beginning in 1992, Innovo decided to have the billings made direct to them or at least they were made to them at somebody's request. Ms. Bahr admitted that she had received a check from Nasco but she claims that the payment was made subsequent to a bill made to Innovo.

Ms. Patricia Anderson Lasko, the CEO and President of Innovo testified with respect to the company's attempted financial arrangements with the Plaintiff company. This witness testified that Innovo was a holding company and that some of the subsidiaries were Innovo, Inc., Nasco, Inc., and Nasco Products. She testified that each one of these companies had its own accounts and did its own receipts and disbursements and handled its own business items. The witness acknowledged that there were some credit problems particularly in 1992 and there was an attempt to have a funding of the debt and future responsibilities done by promissory notes which would cover the debts and purchases of the three subsidiary companies of Innovo.

The substance of the testimony of Ms. Lasko was that Nasco was the beneficiary of the products furnished by the plaintiff and Innovo did not have an obligation to pay for Nasco's purchases. She insisted that each company was independent in its own operations and dealings with American Color and Innovo was not to be charged with the responsibility in view of the independence of Nasco.

As part of the testimony in this cause there was furnished the deposition of Ismael Zamora. Mr. Zamora is engaged as a graphic designer and his wife is a sales representative. They began doing business with Innovo in 1990. He began doing work for Innovo and then took a full-time job with Innovo and did work with American Color for the benefit of Innovo. Some of the accounts or the billing by American Color was through Mr. Zamora and some went another direction but he did participate in the payments to American Color.

Weighing all of the testimony including the aforementioned highlights shows that the balance falls to the Plaintiff. The Plaintiff has shown by a preponderance of the

testimony that the Defendant is obligated in the amount of $58,856.25.

(1) The motion to amend the prayer for damages to conform to the proof is allowed.

(2) The Court finds that the offer of the promissory note as satisfaction to debt was not accepted by the Plaintiff.

(3) The materials were furnished to the subsidiary Nasco; but Innovo, by all the proof, is the entity to be charged with the debt.

This Opinion shall be filed as a part of the record in this Cause, but is not to be copied in the decree herein.

The Trial Judge awarded judgment to plaintiff against the defendant for $58,828.26, the amount alleged to be due in the sworn complaint.

On appeal, defendant presents the following issues for review:

I. Did the trial court err in disregarding the corporate form by holding the defendant, Innovo, Inc., responsible for the debts incurred by its sister corporations?

A. Can corporations be held liable for the debts incurred by their sister corporations?

B. When and how should the court determine whether it is appropriate to disregard the corporate form?

C. Did the evidence presented by American Color justify disregarding the corporate forms of the subsidiary corporations?

Plaintiff presents its issues in the following form:

1. The trial court was correct in ruling that the appellant is liable for charges to an open account made by itself and sister corporations when: (1) The "course of dealings" between the parties indicated that the appellee looked to the appellant for payment on this account and appellant made no objections thereto; (2) the appellant, as agent for its sister corporations, is liable since credit was extended to it alone.

2. The trial court abused its discretion in failing to award prejudgment interest.

The defendant's only defense to the "sworn amount" (sworn complaint with invoices), was a sworn answer that "the product" (the subject of the invoices), was delivered to a subsidiary of the same corporation of which defendant was also a subsidiary. Defendant does not explain how it, a subsidiary, is litigating its liability while its parent corporation is in bankruptcy.

Defendant's sworn answer is not an unequivocal denial as contemplated by T.C.A. § 24-5-107, but an effort to shift the liability to a sister corporation when there is evidence that the course of dealing between the parties was that the goods and services would be furnished to the sister corporation "at the request of defendant," that defendant would pay plaintiff for such goods and services and collect from the sister corporation. There is evidence of an effort to change the course of dealing to direct billing and to collection from the sister corporation, but the permanent accomplishment of such change is not shown.

The evidence does not preponderate against the findings of the Trial Judge. However, this Court finds that part of the debt ($3,298.03) which defendant did not deny in its sworn answer should bear pre-judgment interest. Upon remand the amount of said interest will be computed and the judgment of the Trial Court will be increased in this amount. The judgment so rendered will bear statutory interest from the date of the original judgment October 28, 1996, until paid. Costs of this appeal will be paid by defendant and its surety.

## MODIFIED, AFFIRMED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCUR IN RESULTS:
WILLIAM C. KOCH, JR., JUDGE